LEIF R. SIGMOND, JR.
*Pro hac vice*
Email: lsigmond@bakerlaw.com
JENNIFER M. KURCZ
*Pro hac vice*
Email: jkurcz@bakerlaw.com
SCOTT A. SKILES
*Pro hac vice*
Email: sskiles@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: (312) 416-6200
ALAINA J. LAKAWICZ
*Pro hac vice*
Email: alakawicz@bakerlaw.com
ROBERT P. LEESON
*Pro hac vice*
Email: rleeson@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

*NEVADA LOCAL COUNSEL LISTED IN SIGNATURE BLOCK BELOW*

*Attorneys for Defendant and Counterclaim Plaintiff IGT*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ACRES 4.0,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>IGT,<br><br>Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>Acres Manufacturing Company, John F. Acres,<br><br>Counterclaim Defendants. | Case No.: 2:21-cv-01962-GMN-BNW<br><br>**IGT'S UNOPPOSED MOTION TO SEAL EXHIBIT 6 TO ITS MOTION TO COMPEL (ECF NO. 59) AND EXHIBIT 6 TO ITS MOTION TO EXTEND (ECF NO. 60).** |

Defendant/Counterclaim Plaintiff IGT, by and through its attorneys of record, hereby files this Motion to Seal.

On May 10, 2022, IGT filed a Motion to Compel and a Motion to Extend. (ECF Nos. 59 and 60). On May 12, 2022, Plaintiff/Counterclaim Defendants notified IGT that Counterclaim Defendants considered as confidential certain portions of an email between counsel, filed as Exhibit "6" of IGT's Motion to Compel (ECF No. 59) and Motion to Extend (ECF No. 60). Although the email was not previously designated as confidential, based on Acres' representations, IGT brings this motion to the Court. Plaintiff/Counterclaim Defendants have advised IGT that they do not oppose this Motion and that IGT may submit this Motion noting it is unopposed. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and papers on file with this Court, and all argument and testimony that the Court may consider at the time of hearing.

Dated:  May 13, 2022

/s/ Jennifer M. Kurcz
LEIF R. SIGMOND, JR.
*Pro hac vice*
Email: lsigmond@bakerlaw.com
JENNIFER M. KURCZ
*Pro hac vice*
Email: jkurcz@bakerlaw.com
SCOTT A. SKILES
*Pro hac vice*
Email: sskiles@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
ALAINA J. LAKAWICZ
*Pro hac vice*
Email: alakawicz@bakerlaw.com
ROBERT P. LEESON
*Pro hac vice forthcoming*
Email: rleeson@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501

2

Telephone: (215) 568-3100
Facsimile: (215) 568-3439

-and-

David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq.  (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Parkway, Ste 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: *(702) 732-7110*

*Attorneys for Defendant and Counterclaim Plaintiff IGT*

## MEMORANDUM OF POINTS AND AUTHORITIES

Under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), there is a strong presumption of access to judicial records. *See also Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest*, No. 2:17-cv-01360-APG-VCF, 2020 WL 2311560, at *2 (D. Nev. Apr. 23, 2020). The party seeking the sealing of court records bears the burden of overcoming that presumption. *Id*.

While a "compelling reasons" standard applies to the sealing of dispositive filings (*id*.), the Ninth Circuit has "carved out an exception" for sealed materials in connection with a motion unrelated to the merits of a case. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (emphasis in original).[1] Under this exception, a party only needs to satisfy the "less exacting 'good cause' standard…." *Kamakana*, 447 F. 37 at 1180; *accord Branch Banking & Trust Co. v. Pahrump 194, LLC*, No. 2:12–cv–1462–JCM–VCF, 2015 WL 1877422, at *1-2 (D. Nev. Apr. 23, 2015) (applying "good cause" standard); *Frias Holding Co. v. Greenberg Traurig, LLP*, No. 2:11–cv–160–GMN–VCF, 2015 WL 4622591, at *3 (D. Nev. Aug. 3, 2015) (same). Good cause for sealing is demonstrated by "showing that specific prejudice or harm will result if the materials are not filed under seal." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM–GWF, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011) (citation omitted). Finally, a request to seal records must be "narrowly tailored" to remove from public access only that material warranting protection. *Saticoy*, 2020 WL 2311560, at *2.

In support of this motion, IGT states as follows:

First, on May 10, 2022, IGT filed a Motion to Compel and a Motion to Extend. (ECF Nos. 59 and 60). On May 12, 2022, Plaintiff/Counterclaim Defendants notified IGT that Counterclaim Defendants considered as confidential certain portions of an email

---

[1] IGT submits that, even if the Court applies a "compelling reasons" standard (to the extent the Motion is deemed somewhat dispositive or determinative of this case), this Motion to Seal should still be granted because there is a compelling justification for sealing of confidential source code information (for the same reasons discussed herein), especially where a redacted version of the subject document has been placed on file with the Court. (*See* Exhibits A and B).

4

between counsel, filed as Exhibit "6" of IGT's Motion to Compel (ECF No. 59) and Motion to Extend (ECF No. 60). Although the email was not previously designated as confidential, Plaintiff/Counterclaim Defendants represented to IGT that it considered certain portions of that email as confidential (the number of lines of source code gathered, and the name of the programming language) confidential in IGT's Motion to Compel (ECF No. 59-6) and Motion to Extend (ECF No. 60-6). *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information, product specifications, and pricing information that the party treats as sensitive business information).

Second, IGT does not rely on the redacted portions of Exhibit "6" for either its Motion to Compel or IGT's Motion to Extend. Thus, based on Acres' representations, protecting the redacted non-public information outweighs any public interest in access to this litigation's records or understanding the judicial process in relation to this case. The proposed sealing is minimal and would not significantly hinder any public person's ability to understand the judicial process in relation to this dispute – e.g., this Motion only seeks to seal very limited portions of Exhibit "6" to IGT's Motion to Compel and IGT's Motion to Extend regarding the programming language and number of lines of source code currently gathered by Acres. Thus, the filing would not significantly affect any person's ability to understand the judicial process in relation to this case. The parties have agreed upon redacted version of the Exhibits, which are attached here as Exhibits "A" and "B."

Based on the foregoing, the applicable standard for sealing has been satisfied. It is respectfully requested that the Court enter an Order sealing the following document/docket entries:

- Exhibit "6" to Plaintiff's Motion to Compel (ECF No. 59-6); and
- Exhibit "6" to Plaintiff's Motion to Extend (ECF No. 60-6).

1. Furthermore, IGT respectfully requests that upon granting of this motion, the Clerk replace the publicly viewable versions of ECF No. 59-6 and ECF No. 60-6 with the redacted versions attached here are Exhibit "A" and Exhibit "B," respectively.

Plaintiff/Counterclaim Defendants have advised IGT that they do not oppose this Motion and that IGT may submit this Motion noting it is unopposed.

Dated:    May 13, 2022

/s/ Jennifer M. Kurcz
LEIF R. SIGMOND, JR.
*Pro hac vice*
Email: lsigmond@bakerlaw.com
JENNIFER M. KURCZ
*Pro hac vice*
Email: jkurcz@bakerlaw.com
SCOTT A. SKILES
*Pro hac vice*
Email: sskiles@bakerlaw.com
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
ALAINA J. LAKAWICZ
*Pro hac vice*
Email: alakawicz@bakerlaw.com
ROBERT P. LEESON
*Pro hac vice*
Email: rleeson@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

-<u>and</u>-

David A. Carroll, Esq. (NSB #7643)
dcarroll@rrsc-law.com
Anthony J. DiRaimondo, Esq.  (NSB #10875)
adiraimondo@rrsc-law.com
Robert E. Opdyke, Esq. (NSB #12841)
ropdyke@rrsc-law.com
RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Parkway, Ste 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: *(702) 732-7110*

*Attorneys for Defendant and*
*Counterclaim Plaintiff IGT*

**INDEX OF EXHIBITS—LR IA 10-3(d)**

| Exhibit No. | Title |
|---|---|
| A | Replacement Exhibit for ECF 59-6 - Email Chain Re "Acres 4.0 v. IGT: Acres" Source Code," dated April 12, 2022 – May 6, 2022 |
| B | Replacement Exhibit for ECF 60-6 - Email Chain Re "Acres 4.0 v. IGT: Acres" Source Code," dated April 12, 2022 – May 6, 2022 |

## ORDER

IT IS ORDERED that ECF No. 63 is GRANTED for good cause shown.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to keep Exhibit 6 to ECF Nos. 59 and 60 under seal.

IT IS FURTHER ORDERED that the Clerk of Court shall detach and separately file the exhibits to ECF No. 63 and label them on the docket as "Redacted Versions of Exhibit 6 to ECF Nos. 59 and 60" for clarity of the record.

**IT IS SO ORDERED**
**DATED:** 3:41 pm, May 16, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

BAKER & HOSTETLER LLP
ONE NORTH WACKER DRIVE
SUITE 4500
CHICAGO, IL 60606
T +1.312.416.6200

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jennifer M. Kurcz*