# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| Acres 4.0, | Case No. 2:21-cv-01962-GMN-BNW |
|---|---|
| Plaintiff, | **Order** |
| v. | |
| IGT, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to seal. ECF No. 106. Plaintiff seeks to seal Exhibits 1-5 and 7 to Mr. Riedinger's declaration in support of its motion to amend non-infringement contentions.[1] Defendants filed a notice of non-opposition. ECF No. 108.

**I.    Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

---

[1] The sealed exhibits are filed at ECF Nos. 105 and 107.

1  *Kamakana*, 447 F.3d at 1179. However, avoiding a litigant's embarrassment, incrimination, or
2  exposure to further litigation will not, without more, compel the court to seal its records. *Id.*
3     "[A] different standard applies to 'private materials unearthed during discovery,' as such
4  documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447
5  F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person
6  from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant
7  standard for purposes of Rule 26(c) is whether good cause exists to protect the information from
8  being disclosed to the public by balancing the needs for discovery against the need for
9  confidentiality." *Pintos*, 605 F.3d at 678 (cleaned up). Given the "weaker public interest in
10 nondispositive materials," the court applies the good cause standard in evaluating whether to seal
11 documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated,
12 or only tangentially related, to the underlying cause of action,' and, as a result, the public's
13 interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive
14 materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to
15 seal documents. *Id.* at 679.

16 **II.     Good Cause Exists to Seal the Exhibits**

17     Plaintiff seeks to seal several documents filed in support of Mr. Riedinger's declaration in
18 support of its motion to amend non-infringement contentions.
19     Courts in this circuit routinely apply the "good cause" standard when determining whether
20 to seal to motions to amend contentions and documents related thereto. *See e.g.*, *Software Rights*
21 *Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. Sept. 9, 2020) ("Because
22 the parties move to file documents related to nondispositive motions (the motions are attached to
23 SRA's motion for leave to amend claim election and infringement contentions), the Court will
24 apply the lower good cause standard."); *Angioscore, Inc. v. TriReme Med., Inc.*, 2015 WL 75187,
25 at *2 (N.D. Cal. Jan. 6, 2015) ("The instant motions to file under seal . . . pertain to plaintiff's
26 nondispositive motion to amend its infringement contentions. Thus, the 'good cause' . . . standard
27 applies."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 12642225, at *1 (N.D. Cal.
28

Apr. 17, 2014) ("Because a motion to amend infringement contentions or invalidity contentions is a non-dispositive motion, the 'good cause' standard applies.").

Here, the Court finds Plaintiff has demonstrated good cause to seal the documents in question, as these include references to Plaintiff's proprietary technology as well as source code. Public disclosure of this information would cause Plaintiff "competitive disadvantage by permitting its competitors to exploit its trade secrets." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, at *2 (D. Nev. May 5, 2016) (explaining that "Plaintiff's closely guarded source code constitutes a trade secret . . . and the disclosure of this information would disadvantage Plaintiff by allowing its competitors to understand how Plaintiff's source code enables the constituent parts of its systems to communicate with each other . . . .").

As a result, Plaintiff's motion at ECF No. 106 will be granted.

### III.   CONCLUSION

**IT IS THERERFORE ORDERED** that Plaintiff's Motion to Seal at ECF No. 106 is **GRANTED**. The Clerk of Court is directed to maintain under seal ECF Nos. 105 and 107.

DATED: November 8, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE