# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ACRES 4.0, | ) |
| | ) |
|        Plaintiff, | )    Case No.: 2:21-cv-01962-GMN-BNW |
|   vs. | ) |
| | )    **ORDER DENYING MOTION TO** |
| IGT, | )        **CONSOLIDATE CASES** |
| | ) |
|        Defendant. | ) |
| | ) |

Pending before the Court is the Motion to Consolidate Cases, (ECF No. 118), filed by Plaintiff Acres 4.0. Defendant IGT filed a Response, (ECF No. 121), to which Plaintiff filed a Reply, (ECF No. 126).

Also pending before the Court are four related motions: Defendants' Motions to Strike and for Sanctions, (ECF Nos. 124, 125), Plaintiff's Motion for Leave to File Supplement to its Reply, (ECF No. 127), and Defendant's Motion for Leave to File Supplemental Authority, (ECF No. 163).

The Court **DENIES** Plaintiff's Motion to Consolidate because the related case, 2:22-cv-02134-RFB-EJY, was remanded to the Eighth Judicial District Court, and therefore the Court does not have authority to consolidate the actions. The Court further **DENIES** Defendants' Motions to Stike and for Sanctions because the Court does not find bad faith or willful misconduct on the part of Plaintiff. The Court also **DENIES as moot** Defendant's Motion for Leave to File Supplemental Authority and Plaintiff's Motion for Leave to File Supplement to its Reply.

## I.   <u>BACKGROUND</u>

Since October 2021, the parties have been engaged in this litigation regarding the infringement and validity of four patents held by IGT. A year into litigation, the Court stayed

this case pending the United States Patent and Trademark Office's reexamination of the patents. (Order Granting Stay, ECF No. 112). While this case was stayed, Defendant filed a new second case in state court against Mr. Acres and his company. Acres removed that new second case to federal court and it was assigned to Judge Boulware. (Pet. Removal, 2:22-cv-02134 #1). However, while this first case was still stayed, Judge Boulware remanded the second case to the state court. (Order Granting Mot. Remand, 2:22-cv-02134 #61). The Court recently lifted the stay on this first case and now addresses Plaintiff's Motion to Consolidate the two cases. (Order Lifting Stay, ECF No. 172).

## II.      DISCUSSION

### A. Motion to Consolidate

Plaintiff moves to consolidate the present case, No. 2:21-cv-01962 with Case No. 2:22-cv-02134. (Mot. Consolidate 3:3–6). Plaintiff argues that because the two cases share essentially identical issues of law and fact, consolidation would serve the purpose of Federal Rule of Civil Procedure 42(a). (*Id.*).

Rule 42(a) provides that courts may consolidate "actions *before the court*" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a) (emphasis added). Federal courts cannot use Rule 42(a) to consolidate a federal action pending before it with an action pending in state court. *See Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (concluding that the federal case could not be consolidated with state case because "Rule 42 applies to cases that are properly before the same court.")

Accordingly, Plaintiff's Motion to Consolidate is DENIED because the second case against Mr. Acres is not properly before the court, and therefore the Court does not have authority to consolidate the two actions.

///

///

**B.  Motions to Strike and for Sanctions**

After Plaintiff filed the Motion to Consolidate, Defendant filed Motions to Strike and Sanction Plaintiff. (ECF Nos. 124, 125).  District courts have inherent power to sanction a party for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  The court may issue sanctions under its inherent power only upon finding "bad faith or conduct tantamount to bad faith." *Id.* at 994.  Bad faith, or conduct tantamount to bad faith, encompasses "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*  Upon a finding of bad faith, the decision to issue sanctions is within the court's discretion. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).  Courts may strike filings and pleadings on the docket as a sanction for improper litigation conduct. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Defendant argues that Plaintiff filed its Motion to Consolidate the two cases because "the stay of the first action [would] delay justice in the second action." (Mot. Strike 3:7–9, ECF No. 124)  It further argues that Plaintiff intentionally misled the Court by not mentioning in its Motion to Consolidate that Defendant's Motion to Remand was pending in the second case. (*Id.* 3:9–13).  Defendant's counsel informed Plaintiff's counsel that it intended to file a Motion to Remand in the second case and that consolidation was premature because this Court lacked jurisdiction until the remand motion was decided. (Dec. 23 Email at 1, Ex. A to Mot. Strike, ECF No. 124-1).  To support its jurisdiction contention, Defendant cited three district court cases, one of which was in the Ninth Circuit. (*Id.*).  In an email reply, Plaintiff's counsel disagreed that the Motion to Consolidate was premature because Defendant's case law was "non-

binding," and "unpersuasive." (Jan. 26 Email at 1, Ex. B to Mot. Strike, ECF No. 124-2).

Here, the Court does not find that Plaintiff's actions were taken in bad faith. While Defendant is correct that Plaintiff's Motion to Consolidate did not mention that a Motion to Remand had been filed in the second case five days earlier, Plaintiff did mention it in the Notice of Related Cases Plaintiff filed a mere two days after its Motion to Consolidate. (*See* Notice, ECF No. 119). Plaintiff also explained that its Motion to Consolidate was drafted before Defendant filed its Motion to Remand, and that the omission was not intentional. (Resp. to Mot. Stike 6:26–7:1, ECF No. 130). The Court further agrees with Plaintiff that the cases cited by Defendant in its December 23 email to counsel were not binding case law on this Court. Because the Court does not find bad faith on the part of Plaintiff, Defendants' Motions to Strike and for Sanctions are DENIED.

## III.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate (ECF No. 118), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike and for Sanctions, (ECF Nos. 124, 125) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplement to its Reply, (ECF No. 127), and Defendant's Motion for Leave to File Supplemental Authority, (ECF No. 163), are **DENIED** as moot.

**DATED** this ___22___ day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court